```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


    ADA BRILL,

              Plaintiff,           CIVIL NO. 1:13-cv-05643
         v.                                  (NLH/AMD)

    JENNIFER VELEZ, COMMISSIONER,
    NEW JERSEY DEPARTMENT OF              OPINION
    HUMAN SERVICES; and VALERIE
    HARR, DIRECTOR, NEW JERSEY
    DEPARTMENT OF HUMAN SERVICES,
    DIVISION OF MEDICAL
    ASSISTANCE AND HEALTH
    SERVICES,
              Defendants.
```

**Appearances:**

JANE M. FEARN-ZIMMER
ROTHKOFF LAW GROUP
911 KINGS HIGHWAY SOUTH
CHERRY HILL, NJ 08034

*Attorney for plaintiff Ada Brill*

JENNIFER LAUREN FINKEL
MOLLY ANN MOYNIHAN
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
R.J. HUGHES COMPLEX
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

*Attorney for defendants Jennifer Velez and Valerie Harr*

**HILLMAN, District Judge**

    Before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1).[1]  Plaintiff commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983, naming as defendants Jennifer Velez and Valerie Harr, respectively the Commissioner of the New Jersey Department of Human Services and the Director of the Division of Medical Assistance and Health Services.  The Complaint alleges violations of subchapter XIX of the Social Security Act ("Federal Medicaid Act"), 42 U.S.C. §§ 1396 to 1396w-5.

    Previously, Defendants moved to dismiss Plaintiff's Complaint arguing that the case had become moot.  The Court denied that motion.  Defendants have now renewed their motion to dismiss based on developments since the resolution of their prior motion.  For the reasons set forth below, the motion will be granted in part and denied in part.

---

[1] A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  "'When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.'"  Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 191 n.4 (3d Cir. 2011) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

2

**DISCUSSION**

By way of background, on March 22, 2012, Plaintiff applied to the Camden County Board of Social Services ("Board") for long-term care benefits under New Jersey's Medicaid program. Due to the fact that Plaintiff had purchased an annuity the day before she filed her application, Plaintiff's caseworker sought guidance from the State on the issue of whether Plaintiff must incur a penalty waiting period before receiving benefits.

Approximately fifteen months after filing her application, by letter dated June 21, 2013, Plaintiff learned she would be subject to a penalty period if the Board found her to be otherwise eligible for benefits. The Penalty period was imposed because the State deemed several asset transfers below fair market value, including the annuity purchase. The letter also informed Plaintiff she had two weeks to rebut the State's findings by proving that the transfers were not made for the purpose of becoming eligible for Medicaid. Plaintiff's counsel submitted a letter to the Board explaining why the annuity purchase should not count toward a penalty period, but to no avail.

On July 29, 2013, Plaintiff received the Board's determination stating that she was eligible for benefits but would be subject to a penalty period until November 17, 2013. In response to the Board's determination, Plaintiff filed this

action seeking to enjoin Defendants from treating her annuity purchase as an Impermissible Transfer and from applying a "de facto policy of delaying determinations involving annuities." Plaintiff also requested costs, attorney's fees, and "such other relief as the court may deem just and equitable."

By letter dated October 4, 2013, two weeks after Plaintiff filed her Complaint, the Board reversed its previous determination and informed Plaintiff that her annuity purchase would not count towards her penalty period. However, instead of recalculating the penalty period without the annuity, the Board rescinded Plaintiff's eligibility determination, changed her application status to "pending," and requested additional information. As of the date of the Court's prior Opinion on June 27, 2014, Plaintiff still had not received benefits or a revised eligibility determination.

Even though Defendants argued that the October 4, 2013 letter mooted her claims against them, the Court rejected their argument. The Court found that Defendants did not identify any facts that would assure the Court it could not reasonably expect Defendants to revert back to their original position after dismissal, and without more, the sole fact that the State voluntarily ceased the challenged conduct could not provide the requisite assurance. The Court also found that Plaintiff had waited over sixteen months for an eligibility determination that

4

should have been made within forty-five days, and that if sufficiently proven, the Court could remedy this claim with an injunction against further violation of the reasonable promptness requirement.

Defendants have now renewed their motion to dismiss based on mootness, and they point to new developments since the filing of Plaintiff's Complaint and the filing of Defendants' prior motion to dismiss that they contend should assuage the Court's concerns that supported the denial of their first motion.  On December 3, 2013, the Board issued a Medicaid eligibility decision to Plaintiff, and she has been receiving benefits since that time.  The Board's December 2013 decision honored its October 2013 promise that it would not treat Plaintiff's annuity purchase as an impermissible transfer.[2]

Defendants further point out that there has been no delay in Plaintiff's receipt of benefits, as her effective eligibility date was June 1, 2012, and the transfer penalty period ended on December 20, 2013.  The decision concerning the effective date of eligibility and the imposition of other transfer penalties are not the basis for Plaintiff's claims in this case, which

---

[2] On December 3, 2013, the Board found Plaintiff eligible for benefits effective June 1, 2012.  The Board imposed a transfer penalty period of eighteen months and twenty days based on uncompensated transfers Plaintiff made prior to her application.  These transfers did not include the annuity purchase.

5

concerns the annuity.  In supplementation of their motion, Defendants have submitted the August 18, 2014 final agency decision by the Director of the Division of Medical Assistance and Health Services for the State of New Jersey, which upheld and adopted the initial decision.  Defendants posit that any issues Plaintiff has with this decision can be appealed to the New Jersey Superior Court, Appellate Division.

When Plaintiff filed her opposition to Defendants' renewed motion to dismiss, Plaintiff objected to the motion on two bases.  First, Plaintiff considered Defendants' renewed motion to dismiss to effectively be an improper motion for reconsideration of the Court's decision on their first motion to dismiss.  Second, Plaintiff argued that because she was still waiting for a definitive eligibility decision from the Board, the reasoning of the Court's prior ruling was still applicable.  Plaintiff also argued that she might still be entitled to damages and attorney's fees.

Because the Board has addressed the claims in Plaintiff's complaint concerning the impropriety of treating Plaintiff's annuity purchase as an impermissible transfer, and because a final agency decision has been issued, the Court agrees with Defendants that Plaintiff's claims for injunctive relief are now moot.  Even though the Court recognizes that the administrative process can be frustratingly slow, particularly when a county

6

agency must work in tandem with a state agency while following federal guidelines, and that dilatoriness is of amplified concern when dealing with skilled nursing care for advanced-aged Medicaid applicants, it is evident that Plaintiff has received the relief sought in her complaint.  Plaintiff began receiving Medicaid benefits in December 2013, which, despite the year and a half long process, is the date she became eligible to receive benefits after the conclusion of the transfer penalty period that was imposed without consideration of the annuity.

At this point, there is no expectation that the violations alleged by Plaintiff will recur, the events since the filing of Plaintiff's complaint have "completely and irrevocably eradicated the effects of the alleged violation." Phillips v. Pa. Higher Educ. Assistance Agency, 657 F.2d 554, 569 (3d Cir. 1981).  Thus, Plaintiff's complaint with regard to her request for injunctive relief presents no justiciable controversy. Accordingly, despite the delay,[3] the Court finds that the Court lacks subject matter jurisdiction over Plaintiff's claim for

---

[3] The Federal Medicaid Act requires states to process applications and provide benefits with "reasonable promptness." 42 U.S.C.A. § 1396a(a)(3), (8).  Moreover, even though the federal regulations contemplate that "unusual circumstances," such as "when there is an administrative or other emergency beyond the agency's control," may justify a delay in processing an individual's Medicaid application, see 42 C.F.R. 435.912(e), the proscribed standard for the determinations of eligibility, except those based on disability, is forty-five days, 42 C.F.R. 435.912(c)(3).  We note, whatever the circumstances that


injunctive relief because it is now moot.  Defendants' motion to dismiss will, therefore, be granted on that claim.

Even though Defendants ultimately provided Plaintiff with the relief she was seeking – namely, the determination that her annuity was not an impermissible transfer – Plaintiff argues that she is still entitled to damages and attorney's fees and costs.  With regard to damages, because the complaint does not specifically seek damages, Plaintiff does not specify what they are, and it is unclear what they would be in that the annuity determination is no longer a factor in the ineligibility calculus, it is clear that Plaintiff is not entitled to damages.

The issue of attorney's fees and costs is a closer call. Plaintiff filed suit, pursuant to 42 U.S.C. § 1983, against Defendants to enjoin them from delaying the decision to reconsider her Medicaid application based on Defendants' incorrect view of Plaintiff's annuity.  Although the Court cannot definitively find at this time that it was a result of Plaintiff filing a federal lawsuit, Defendants provided Plaintiff with the relief she sought soon after she filed suit.

This raises the issue, not briefed by the parties, as to whether under these circumstances – a defendant changes its

---

surrounded the processing of Plaintiff's Medicaid application, a sixteen month processing period does not appear to demonstrate "reasonable promptness."

position and voluntarily provides complete relief on an asserted claim prior to a judgment or other judicial ruling - Plaintiff could be considered a "prevailing party" in this litigation. Such status could entitle Plaintiff to attorney's fees and costs of prosecuting this action. See 42 U.S.C. § 1988 ("In any action or proceeding to enforce a provision of section[ ] ... 1983 ... of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."); See e.g., National Amusements Inc. v. Borough of Palmyra, 716 F.3d 57, 64 (3d Cir. 2013) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)) ("Parties are considered 'prevailing parties' if 'they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"); id. (explaining that temporary relief may support § 1988 fees, even if the prevailing party does not obtain a final judgment in its favor) (citing People Against Police Violence v. City of Pittsburgh, 520 F.3d 226, 231 (3d Cir. 2008) (upholding award of attorney's fees where organizer of rally obtained preliminary injunction, but new legislation mooted case before final judgment)).  Moreover, at least as for that issue, the case is not moot.

   The Court will therefore grant Defendant's motion to dismiss with regard to the substance of Plaintiff's claims, but

9

the Court will deny the motion with regard to Plaintiff's request for attorney's fees and costs, and direct Defendants to show cause as to why Plaintiff is not entitled to attorney's fees and costs as a "prevailing party" under 42 U.S.C §§ 1983, 1988.

    An appropriate Order will be entered.


Date: January 28, 2015　　　　　　　　　 s/ Noel L. Hillman
At Camden, New Jersey　　　　　　　　　NOEL L. HILLMAN, U.S.D.J.