UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ADA BRILL,

        Plaintiff,

   v.

JENNIFER VELEZ, COMMISSIONER, NEW JERSEY DEPARTMENT OF HUMAN SERVICES; and VALERIE HARR, DIRECTOR, NEW JERSEY DEPARTMENT OF HUMAN SERVICES, DIVISION OF MEDICAL ASSISTANCE AND HEALTH SERVICES,

        Defendants.

CIVIL NO. 1:13-cv-05643 (NLH/AMD)

**MEMORANDUM OPINION & ORDER**

---

**Appearances:**

JANE M. FEARN-ZIMMER
ROTHKOFF LAW GROUP
911 KINGS HIGHWAY SOUTH
CHERRY HILL, NJ 08034

*Attorney for plaintiff Ada Brill*

JENNIFER LAUREN CAVIN
MOLLY ANN MOYNIHAN
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
R.J. HUGHES COMPLEX
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

*Attorney for defendants Jennifer Velez and Valerie Harr*

**HILLMAN, District Judge**

WHEREAS, in this case concerning allegations of violations of subchapter XIX of the Social Security Act ("Federal Medicaid Act"), 42 U.S.C. §§ 1396 to 1396w-5, the Court having previously found that plaintiff's complaint with regard to her request for injunctive relief presented no justiciable controversy because she received the benefits she was seeking in her complaint; and

The Court having therefore found that it lacked subject matter jurisdiction over plaintiff's claim for injunctive relief because it was moot; but

The Court having issued an order to show cause with regard to plaintiff's argument that despite the mooting of her claims for benefits, she was still entitled to attorney's fees and costs; and

The Court having observed that when plaintiff filed suit, pursuant to 42 U.S.C. § 1983, against defendants to enjoin them from delaying the decision to reconsider her Medicaid application based on defendants' incorrect view of plaintiff's annuity, the Court could not definitively find that it was a result of plaintiff filing a federal lawsuit, even though defendants provided plaintiff with the relief she sought soon after she filed suit; and

The Court having further observed that the parties had not briefed the issue of whether, when a defendant changes its

position and voluntarily provides complete relief on an asserted claim prior to a judgment or other judicial ruling, the plaintiff could be considered a "prevailing party," entitling her to attorney's fees and costs of prosecuting this action pursuant to 42 U.S.C. § 1988 ("In any action or proceeding to enforce a provision of section[ ] ... 1983 ... of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."); and

The Court having directed defendants to show cause as to why plaintiff was not entitled to attorney's fees and costs as a "prevailing party" under 42 U.S.C §§ 1983, 1988, and allowing plaintiff to file a response thereto; and

Defendants having responded to the Court's order, presenting persuasive authority that the circumstances of this case do not qualify plaintiff as a "prevailing" party so that she is entitled to attorney's fees, see Singer Management Consultants, Inc. v. Milgram, 650 F.3d 223, 228 (3d Cir. 2011) (citing Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001); People Against Police Violence v. City of Pittsburgh, 520 F.3d 226, 232 (3d Cir. 2008)) (explaining that "a plaintiff does not become a 'prevailing party' solely because his lawsuit causes a voluntary change in the defendant's conduct; rather, the change in the

3

parties' legal relationship must be the product of judicial action" and "a result of an enforceable judgment on the merits"); and

The Court noting that plaintiff did not file any response to defendants' brief setting forth a different view on her entitlement to attorney's fees;

Accordingly, for good cause having been shown,

IT IS on this 29th day of April, 2015

ORDERDED that plaintiff is not a "prevailing party" under 42 U.S.C. § 1983 and she is therefore not entitled to attorney's fees under to 42 U.S.C. § 1988; and it is further

ORDERED that the Clerk of the Court shall mark this matter as CLOSED.

At Camden, New Jersey

    s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.